(No. 4494— ▆▆▆▆▆

FREDRICK HYSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 18, 1953.*

G. WILLIAM HORSLEY, Attorney for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

On February 15, 1950, between the hours of seven and eight A.M., the claimant, Fredrick Hyson, who was self-employed, owned, and was operating his 1949 Ford Tractor and Kingham Trailer in a northerly direction on Route No. 66, a concrete public highway in the State of Illinois, at or about two miles north of Chenoa, Illinois in Livingston County. On said day, Richard Duffy (who at the time of the hearing was in the military service stationed in Japan) was an employee of the State of Illinois, and was in charge of, and driving a truck of the Division of Highways of the Department of Public Works and Buildings of the State of Illinois; and, there was working for him, as an agent of the State of Illinois, Andes W. Johnson. These men were employed for maintenance work by the respon-

dent, and assigned to the area in question for general maintenance operations.

On the morning in question, Duffy and Johnson left Pontiac, Illinois in a State truck loaded with cinders at or about the hour of seven-thirty, and drove from the garage in Pontiac, Illinois on Route No. 116 to Route No. 66, and thence south on Route No. 66 to the line between Livingston and McLean Counties. Their duty on the morning in question was to spread cinders on icy spots, bridges, intersections and approaches to bridges. Upon reaching the end of their area, they turned around, and headed north. Before spreading cinders on the approach to the bridge where the accident in question occurred, Mr. Duffy pulled the State truck onto the east shoulder to permit Mr. Johnson to get in the back of the truck for the purpose of spreading cinders, which he was doing at the time the accident occurred. The tractor and trailer, which claimant was driving, skidded on an icy spot on the approach to the bridge, causing claimant's tractor to strike a guard post located along said highway. The tractor then proceeded in the traffic lane provided for south bound traffic, and struck a truck traveling in a southerly direction, as the result of which claimant suffered personal injuries, damage to his tractor and trailer, and loss of earnings.

There is no question but what the respondent, through its agents, was spreading cinders on the approaches to the bridge, and on the bridge just prior to and at the time of the accident; and that the claimant's tractor did not come into contact with the State highway truck, but drove on and into the truck traveling in a southerly direction. Claimant testified that the State truck was not moving when he first saw it, and

at that time he was within 25 to 30 feet of the State truck. Johnson testified that the State truck was moving at a slow speed, so that he could properly spread the cinders on the north bound traffic lane. Claimant testified that he did not see any lights on the State truck. Johnson testified that the blue revolving light on the top of the cab was working just prior to and at the time of the accident in question.

Claimant charges a violation of Chap. 95½, Sec. 218 (b), Bar Association Edition, which prohibits the parking of a vehicle on a State highway unless an emergency exists, and it is impossible to drive said vehicle onto the shoulder, without warning traffic traveling on said highway; and, also charges a violation of Chap. 95½, Sec. 148, I.R.S., Bar Association Edition, which makes it a violation to operate a motor vehicle at a slow rate of speed on a State highway, so as to impede, or block the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation, or compliance with the law.

It is our opinion from the testimony offered that Mr. Duffy was driving the State truck, Mr. Johnson was shoveling cinders at the time of the accident in question, and that the State truck was visible to traffic traveling upon said highway at the time of and just prior to the accident in question. Had claimant been looking, he would have seen the truck on the highway, and noted that cinders were being spread on the bridge, and approaches thereto. Furthermore, had claimant had his truck under control, and been driving at a speed, which took into consideration the condition of the highway, the bridge, and the approaches thereto, his tractor would not have skidded, and gone from its

proper traffic lane to the south bound traffic lane, and struck the truck traveling in a southerly direction.

The burden is upon the claimant to prove by a preponderance or greater weight of the evidence that just before and at the time of the accident in question he was driving and operating his tractor with due care and caution for his own safety, and the safety of others traveling upon such highway; and that it was the negligence of respondent's agents, which was the proximate cause of the accident. In this respect, we think the claimant has failed. It is our opinion that, just prior to and at the time of the accident in question, Duffy and Johnson, employees of respondent, were performing their duty in the area assigned to them for the protection of the traveling public.

For the reasons above set forth, the claimant is not entitled to recover.